# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CASE NO.: 1:13-CR-63-TLS |
| | ) | |
| RAUL RESENDIZ | ) | |

## OPINION AND ORDER

The Defendant, Raul Resendiz, has filed a pro se motion titled: Motion to Correct a Clerical Error Pursuant to Federal Rule of Criminal Procedure, Rule § 36 [ECF No. 58]. The Defendant maintains that his judgment and conviction contains a clerical error.

According to Federal Rule of Criminal Procedure 36, "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." The Defendant maintains that his plea of guilty to the single count of the Indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), was predicated on his sentence being concurrent to a state term of imprisonment that had not yet been imposed. However, there is no mention of this understanding in the Plea Agreement [ECF No. 20], or anywhere else in the record.

This Court's October 2, 2014, judgment ordering the Defendant to serve 46 months imprisonment is silent as to any state charges. On October 17, 2014, the State of Indiana ordered the Defendant to serve a 2-year term of confinement. The state term was silent as to the federal sentence. On this same date, October 17, 2014, the Defendant's state sentence was satisfied based on credit being applied for prior custody. Thus, he was released to the federal detainer to begin serving the federal sentence imposed in this case.

The Defendant requested through the BOP's administrative remedy program that the period from July 21, 2013, to July 18, 2014, which had been credited against his state sentence, also be credited against his 46–month federal sentence. This would effectively reduce his federal sentence to 34 months.The BOP denied his request under 18 U.S.C. § 3582(b), which governs the calculation of a term of imprisonment. It provides that a defendant should be given credit toward the service of a term of imprisonment for time spent in official detention for another charge prior to the date the sentence commences, if it "has not been credited against another sentence." 18 U.S.C. § 3582(b).

Rather than challenge the BOP's calculation of his sentence by filing a writ under 28 U.S.C. § 2241 against the warden having custody of him, and in the district where he is incarcerated, 28 U.S.C. § 2243, the Defendant seeks relief from this Court under Rule 36. He asks that the Court "effect correction of clerical error by ordering [his] Sentence to 34 months prospectively nunc pro tunc as of his Sentencing. Such correction allows for the imposition of the total appropriate Sentence of 46 months including the 12 month period not creditable due to [18 U.S.C. §] 3585(b)." (Mot. 4, ECF No. 58.)

A federal sentencing court has authority to make a sentence run concurrently with a state sentence that has not yet been imposed. *Manuel v. Terris*, — F.3d —, No. 15-1392, 2015 WL 5853637, at *1 (7th Cir. Oct. 7, 2015) (citing *Setser v. United States*, 132 S. Ct. 1463, 1468 (2012)). But there is no basis in this record to conclude that the Court exercised this authority when it sentenced the Defendant. That is, there is no evidence that the lack of any mention in the judgment of an anticipated state sentence was the result of a clerical oversight or omission, as required for Rule 36 to apply. *See Deutsch v. United States*, 221 F.3d 1338 (2000) (observing

that "clerical" mistakes are limited to errors in transcription) (citing *United States v. Becker*, 36 F.3d 708, 709–10 & n.2 (7th Cir. 1994)). Rather, the written judgment mirrors the court's oral pronouncement of the Defendant's sentence. Thus, there is no transcription error upon which to base Rule 36 relief.[1]

"When a court pronounces sentence orally, that is the defendant's sentence, at least if the oral pronouncement is unambiguous." *United States v. Medina-Mora*, 796 F.3d 698, 700 (7th Cir. 2015). The Court unambiguously imposed a sentence of 46 months, expressly finding that it was sufficient, but not greater than necessary, to comply with the purposes of punishment in light of the nature and circumstances of the Defendant's offense, and the background and characteristics of the Defendant. There is no basis, pursuant to Rule 36 or otherwise, to reduce the Defendant's sentence to 34 months.

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendant's Motion to Correct a Clerical Error [ECF No. 58].

SO ORDERED on November 5, 2015.

     s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

[1] If what the Defendant is asserting is that the Court's oversight occurred during the oral pronouncement, his claim fares no better. Even if this were true, Rule 36 does not provide authority for challenging an oversight made by the court itself. *United States v. Daddino*, 5 F.3d 262, 265 (7th Cir. 1993). In any event, there is no evidence suggesting that the Court intended to impose the federal sentence to run concurrent with an anticipated state sentence, but simply failed to mention it.